MICHELE BECKWITH
Acting United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PARAMPREET SINGH, and<br>RANVIR SINGH,<br><br>Defendants. | CASE NO. 2:21-cr-00078-JAM<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER**<br><br>DATE: March 10, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

1. By previous order, this matter was set for a jury trial on March 10, 2025, and a trial confirmation hearing on January 21, 2025, and time was excluded through March 10, 2025, under Local Codes T2 and T4.  ECF 183.

2. By this stipulation, defendants now move to continue the jury trial until October 6, 2025, and to exclude time between March 10, 2025, and October 6, 2025, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes tens of thousands of pages of documents, as well as hundreds of audio recordings, video recordings, and the voluminous downloaded contents of several seized cell phones.  Large

portions of the discovery are in the Punjabi language. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b) In addition, the DEA forensic laboratory was able to crack the passwords for defendants Parampreet Singh's and Ranvir Singh's seized cell phones and to extract voluminous data from those phones in December 2024, after years of attempting unsuccessfully. The United States received a copy of the extracted phone data on January 13, 2025, and is processing it for disclosure to counsel for the defendants. The data is voluminous and will take time for defense counsel to review.

      c) Counsel for defendants also desire additional time to review discovery that was produced on December 10, 2024. Shortly before that date, the government received the complete file of the Canadian York Regional Police for defense disclosure in the Canada prosecutions. That file, which consists of thousands of pages of documents and other evidence, was produced to counsel for the defendants on December 10, 2024. Much of the evidence in that file that relates directly to the charges in this case, including reports, audio recordings, and transcripts of undercover communications with the defendants, was produced to the defendants in 2021, at the outset of this case. Nevertheless, the file does contain thousands of pages of new materials—such as reports and photographs from search warrants of other targets of the investigation executed in Canada—that neither party had until late last year when the York Regional Police provided the file to the government.

      d) Counsel for defendants desire additional time to review this voluminous discovery, to conduct independent factual investigation, to evaluate and conduct legal research regarding potential defenses and sentencing issues, to consult with their clients, and to otherwise prepare for trial.

      e) In addition, counsel for the defendants have multiple other trials between now and October 6, 2025. Most significantly, counsel for defendant Ranvir Singh, John Balazs, has a RICO trial involving multiple charged homicides that is scheduled to begin on April 21, 2025, in Las Vegas, Nevada, and to last approximately three months.

   f) As the Court previously found in its December 13, 2024 order (ECF 183), this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(&)(A), B(ii) [Local Code T2], in light of the voluminous discovery and the amount of charged activity occurring in Canada.

   g) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   h) The government does not object to the continuance.

   i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 10, 2025 to October 6, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], and 18 U.S.C. § 3161(h)(&)(A), B(ii) [Local Code T2], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated: January 14, 2025         MICHELE BECKWITH
                   Acting United States Attorney

                   /s/ DAVID W. SPENCER
                   DAVID W. SPENCER
                   Assistant United States Attorney

| | |
|---|---|
| Dated:  January 14, 2025 | /s/ DAVID A. TORRES<br>DAVID A. TORRES<br>Counsel for Defendant<br>Parampreet Singh |
| Dated:  January 14, 2025 | /s/ DINA L. SANTOS<br>DINA L. SANTOS<br>Counsel for Defendant<br>Ranvir Singh |

**FINDINGS AND ORDER**

Having reviewed the parties' stipulation, and for good cause shown, the Court approves the stipulation, makes the requested findings, and orders that:

1. The trial confirmation hearing set for January 21, 2025, at 9:00 a.m. and the jury trial set for March 10, 2025, at 9:00 a.m. is hereby **VACATED**;

2. A new trial confirmation hearing is **SET** for **August 19, 2025, at 9:00 a.m.** and a new jury trial is **SET** for **October 06, 2025, at 9:00 a.m.**

3. The Court further continues the deadline for all expert notice required under Rule 16 by all parties to August 26, 2025.

4. Based upon the representations of counsel and stipulation of the parties, the Court finds that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  The Court further finds that the requested continuance is needed for defense preparation and this case is complex in light of the voluminous discovery and the amount of charged activity occurring in Canada.  Accordingly, time under the Speedy Trial Act shall be excluded from today's date through October 6, 2025, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], and 18 U.S.C. § 3161(h)(&)(A), B(ii) [Local Code T2].

IT IS SO ORDERED.

| | |
|---|---|
| Dated: January 15, 2025 | /s/ John A. Mendez<br>THE HONORABLE JOHN A. MENDEZ<br>SENIOR UNITED STATES DISTRICT JUDGE |